PAGE, *Adm'r etc. v. Cook, Adm'x etc.*

ADMINISTRATION—*Letters, when not evidence.*—Letters of administration issued by a clerk of the probate court, acting under authority of the Confederate State Constitution of 1861, *after* the inauguration of the State provisional government of 1864, are void, being issued without legal authority, and are not admissible in evidence.

*Appeal from Columbia Circuit Court.*

HON. JOHN T. BEARDEN, Circuit Judge.

*James R. Page*, and *E. W. Gantt*, for appellant.

*Watkins & Rose*, for appellee.

GREGG, J.,

This is an appeal prosecuted from a judgment of the probate court of Columbia county.

On the 20th of April, 1867, the appellant presented to the appellee for allowance, a claim founded upon two judgments, rendered in 1859, against her intestate. She rejected the claims, and the cause was submitted to the probate court on pleas of limitation, non-claim and payment. The court found for the appellee, and rendered judgment against the appellant for costs, from which he appealed to the circuit court. The judgment was there affirmed, and he appealed to this court.

Upon the trial in the probate court, the transcripts of the judgments rendered against the deceased, in his lifetime, were admitted to be properly certified, etc.

After introducing the transcripts, the claimant read in evidence, the letters of administration granted appellee, on said estate, in September, 1865.

The appellee, over the appellant's objection, was then allowed to read in evidence, letters of administration issued to her, on the 31st day of March, 1864, by one Daniel Dixon, as clerk of said county, who testified that he was not then acting as clerk under the Constitution and laws of 1864, but under the Confederate Constitution of 1861, and a commission issued by Harris Flanagan, as Governor of Arkansas.

There was no proof of payment, and it is not insisted that the claim was barred by the statute of limitations, but it is here insisted, as was held by the courts below, that the statute of non-claim cut off the demand, because it was not presented

to such administratrix within two years from the 31st day of March, 1864.

At that time, a new Constitution had been adopted and ratified, and a valid provisional government inaugurated and put in force, and Dixon, who issued these pretended letters of administration, of March 31, 1864, was not then an officer of the government of the State of Arkansas, and consequently had no lawful authority to issue letters of administration.

These pretended letters were void, and should not have been admitted in evidence. The probate court, therefore, erred in admitting them, and in finding that issue in favor of the appellee.

This error appeared upon the face of the record, and the circuit court should, therefore, have granted a trial *de novo*, and for the error in refusing so to do, the judgment of that court is reversed, and this cause is remanded, to be proceeded in according to law.

HARRISON, J., dissenting.